IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BOBBY LEE ROBERTSON                                                    PLAINTIFF

                    v.              Civil No.   1:15-cv-1051

LIEUTENANT BOBBY LINDER,
Ashley County Sheriff's Office; and
JUDGE BILLY J. HUBBELL, Crossett
Municipal Court                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Bobby Lee Robertson, pursuant to 42 U.S.C.

§ 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2015), the Honorable Susan O.

Hickey, United States District Judge, referred this case to the undersigned for the purpose of making

a report and recommendation.

The case is before me for a determination of whether service of process should issue.  For

the reasons stated below, it is my recommendation that the case be dismissed.

### 1.  Background

According to the allegations of the Complaint (ECF No. 2), on June 11, 2015, the Plaintiff, who

was charged with four counts of delivery of a controlled substance, was taken to a bond hearing.

Plaintiff alleges there was no violence or weapons involved in connection with these charges.

The bond hearing was before Crossett Municipal Judge Hubbell.  Plaintiff alleges the hearing

took place in Judge Hubbell's private office and no record was made.  A confidential informant

employed by Lieutenant Bobby Linder was used in bringing the charges.  Plaintiff alleges the

informant's lawyer was Judge Hubbell.

-1-

In the past, Plaintiff states he had been charged with several violent crimes but was never convicted. Despite this, Plaintiff alleges Lieutenant Linder advised Judge Hubbell of the past charges and asked for a bond to be set in the amount of $500,000.

Plaintiff alleges he made both Judge Hubbell and Lieutenant Linder aware of his belief that they were violating his constitutional rights. Plaintiff asserts that they laughed at him.

### 2. Discussion

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v.*

-2-

*Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).   The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Municipal Court Judge Hubbell is immune from suit.  *Mireles v. Waco*, 502  U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.");  *see also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

With respect to Lieutenant Linder, Plaintiff maintains he brought up past crimes of violence that Plaintiff was charged with but not convicted of, employed a confidential informant, and asked Judge Hubbell to impose a bond in the amount of $500,000.  These claims are subject to dismissal.  First, § 1983 cannot be used as a substitute for a criminal appeal.  *See e.g., Beverly v. Reno*, 23 F.3d 158, 159 (7th Cir. 1994).  If inadmissible evidence was considered at his bond hearing, Plaintiff must first address the issue in his criminal case.  Second, the use of a confidential informant to gather evidence of a crime is not an unconstitutional search or seizure when the informant discloses his

-3-

conversations with the defendant to the government.  *Hoffa v. United States*, 385 U.S. 293, 303 (1966).   Third, "setting the bail bond is entirely at the discretion of the presiding judge."  *Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir. 1998).  Thus, Lieutenant Linder cannot be held liable for having recommended a bond amount that Plaintiff believes is excessive.  *Id.*

### 3.  Conclusion

Accordingly, I recommend that this case be dismissed as the claims are frivolous, fail to state claims upon which relief may be granted, or are against individuals immune from suit.  28 U.S.C. § 1915A(b).  Dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g).  The Clerk should be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  this 13th day of October 2015.


/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE